**MECHANICAL CONTRACTORS ASSO-
CIATION OF PHILADELPHIA, INC.**

v.

**LOCAL UNION 420, Local Union 428, and
Local Union 690 of the United Associa-
tion of Journeymen and Apprentices of
the Plumbing and Pipe Fitting Indus-
try of the United States and Canada
AFL–CIO.**

Civ. A. No. 23120.

United States District Court
E. D. Pennsylvania.

Sept. 3, 1958.

Henry W. Maxmin, Jacoby & Max-
min, Philadelphia, Pa., for plaintiff.

M. H. Goldstein, Goldstein & Barkan,
Philadelphia, Pa., for defendant Local
Union 420.

LEAHY, District Judge.

This is an action under the Labor
Management Relations Act of 1947 as
amended, particularly §§ 301, 302, 29
U.S.C.A. §§ 185, 186.

Plaintiff Mechanical Contractors As-
sociation of Philadelphia, Inc., is a non-
profit corporation consisting of 50 of
the larger mechanical contractors of the
greater Philadelphia area.  Employees of
these contractors are represented by de-
fendants, Local Unions No. 690, 428 and
420 of the "United Association of Jour-
neymen and Apprentices of the Plumb-
ing and Pipe Fitting Industry of the
United States and Canada AFL-CIO."
For about 20 years plaintiff on manage-
ment's behalf has bargained collectively
with the three unions as the recognized
collective bargaining agents of the em-
ployees in the defined geographical area,
covering the counties of Philadelphia,
Montgomery, Bucks, Chester and Dela-
ware.  Collective bargaining agreements
negotiated have been adopted by all me-
chanical contractors engaged in the in-
dustry in this area as the pattern govern-
ing wages, hours, and working condi-
tions.  Plaintiff association on behalf
of management for the industry bears
the costs and provides the service for
management's participation in Health
and Welfare Funds, Apprentice Train-
ing Programs, Joint Arbitration proce-
dures and Joint Conference Committees
dealing with the industry's problems.
This also calls for the interpretation and
construction of the various collective bar-
gaining agreements and the resolution
of disputes which arise as a result of
technological and new situations.

On August 23, September 5 and 13,
1956 collective bargaining agreements
were executed by Local Unions 420, 690
and 428.  They cover a period of 3 years
beginning May 1, 1956 and ending April

30, 1959. Each agreement has incorporated by reference a clarifying agreement. Under Article IX all employers are required to contribute 19¢ for each hour worked by every employee. This contribution is paid to the First Pennsylvania Banking and Trust Company. The Fund so deposited is to be administered by a joint Board of Trustees to be designated under a declaration of Trust the parties intended to draft, but which has not been drafted because of Local Unions 420 and 428. As to the 19¢ contribution, supplements to the collective bargaining agreements were executed under which 16½¢ of the contributions were disposed to presently existing funds which are governed by declarations of trust now in effect.

The present problem arises as to the balance of the contribution—2½¢ per man hour worked—which has been called the Industry Fund. Purposes and operation of this Fund were treated in the clarifying supplemental agreements— the purpose was to pay for management's costs of engaging labor relations on an industry wide basis. Each employer was to pay his share based on the number of man hours he employed each year. Some of the expenditures from the Fund were to be public relations and public education as applied to the industry; costs of promoting stability of relations between labor and management; costs for arbitration and adjustment of grievances; costs for administering jointly with labor Health and Welfare Funds, Joint Apprenticeship Training Funds, etc., and costs of purchasing surety bond coverage that each employer would pay his contributions into the various industry programs. The employer contributions were retained by the depository in escrow. Plaintiff asked the Department of Justice on September 21, 1956 for an opinion on the legality of the Industry Fund. Defendant Local Union 690 (at argument Local Union 428 took the same position) joined with plaintiff that the purposes of the Industry Fund were lawful and the collection of the Fund could be enforced, but that joint administration of the Industry Fund by labor and management was unlawful. Defendant Local Union No. 420 then and presently contends that joint administration is lawful. The Department of Justice said it could give no formal opinion because the application of the statute involved criminal sanctions, but it did state "we can advise you that if the Fund were under the exclusive management and control of the employers, who maintained it by their contributions, no question would arise of the validity of the trust under the (A) proviso of Section 302(c) (5). The reason for this is, of course, that the payments to the trustees would not be payments to 'representatives' of the employees within the meaning of Section 302(a) and (b), and hence not within the prohibitions of those subsections." The Department of Justice also stated as the trust was not created for any purpose specified under Section 302(c) (5) (A) it could not be jointly administered. Local Union 420 says the Department of Justice did not decide joint administration was unlawful. They refused to enter into a trust unless it provided for joint administration and refused to permit the First Pennsylvania Banking and Trust Company to disburse any of the contributions.

Locals 690 and 428 agree to administration solely by plaintiff; but as it was the understanding of the three defendants the Industry Fund would be a single Fund, they desired agreements among all three unions. The depository has about $47,569.65 which is blocked by the position still taken by Local 420.

Plaintiff seeks a decree the Industry Fund is lawful and can be enforced; that joint administration of labor and management is unlawful; and may only be administered by the employer contributors. Local 420 is sought to be ordered to execute a declaration of trust. There are no factual disputes. Plaintiff, therefore, moved for judgment upon the pleadings.

1. The difference of opinion is with the administration of the Fund. The

depository holds the contributions merely until the question can be decided. Management always took the position joint administration of such a Fund violates § 302 of the Labor Management Relations Act. There is one decision which squarely holds joint administration of an Industry Fund violates § 302 of the Taft-Hartley Act and is unlawful. Sheet Metal Contractors Association of San Francisco v. Sheet Metal Workers International Association, 9 Cir., 248 F. 2d 307, certiorari denied 355 U.S. 924, 78 S.Ct. 367, 2 L.Ed.2d 354.

2. There is no question as to the propriety and objectives of the Industry Fund. True, multi-employer bargaining aids employers in collective bargaining power but it is also beneficial to the unions and the public. Such was the view of Judge Waterman (dissenting) in Truck Drivers Local Union No. 449, Intern. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. N. L. R. B., 2 Cir., 231 F.2d 110, and adopted by Justice Brennan in reversing the majority. See 353 U.S. 87, 77 S.Ct. 643, 1 L.Ed.2d 676. Industry wide bargaining has been recognized of importance to both labor and management and the public. Kerr and Randall: Multiple Employer Bargaining in the Pacific Coast Pulp and Paper Industry, Univ. of Penn. Press (1948) pp. 9, 27–31; Hall: Impact of the Bargaining Unit on Labor Management Relations (2nd Annual Conference on Labor N.Y.U.1949) p. 44; Kerr and Fisher: Multiple Employer Bargaining: the San Francisco Experience, Univ. of Cal. Press, 1948, p. 40; Bahre, The San Francisco Employers Council Univ. of Penn. Press, 1948, pp. 37–9; McDonald, Bob & Sheifer: Labor Relations in Milk Distribution in the New York Metropolitan Area (M. Bender & Co. 1951) pp. 575–77; Hill: Teamsters and Transportation (American Council on Public Affairs, 1942) p. 202; 65 Harv.L.Rev. 353–55.

3. The arguments are persuasive the Industry Fund has a lawful objective and purpose. It has been decided joint administration of such Funds by representatives of labor and management is unlawful. Sole administration by management or employers who contribute to the Fund is lawful. In the instant case, under the agreement executed by the parties it was agreed if the Fund could not *be* administered *jointly* because of the Act, it would then be administered by management alone. The agreements, here, were voluntary and they are lawful.

4. Plaintiff should have the prayers of its complaint—the purposes of the Industry Fund are lawful; collection of the employer contributions may be enforced; joint administration is unlawful; sole administration by representatives of employer-contributors is lawful; defendants should execute an agreement and declaration of trust, and comply with the terms and provisions of their collective bargaining agreements and the supplements relating to the Industry Fund.

Let a proposed decree be submitted.